JOHN C. BRUCE, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals, June 24, 1913.

1. STREET RAILWAYS: Crossing Collision: Contributory Negligence: Presumptions. In an action for damages sustained by a husband as a result of injury to his wife through being struck by a street car, the presumption that she exercised ordinary care for her own safety in going upon the track must be indulged, in the absence of testimony or physical facts to the contrary.

2. ———: ———: ———: ———. In an action for damages sustained by a husband as a result of injury to his wife through being struck by a street car, it was shown that the accident happened at night; that the car was traveling at the rate of twenty-five miles per hour, when the maximum rate permitted

by ordinance was fifteen; that the car was one hundred and fifty feet from plaintiff's wife when she went upon the track; that she looked for approaching cars before going upon the track; and that she was struck just as she was leaving the track. *Held*, that she was not guilty of contributory negligence as a matter of law, on the theory that, if she looked, she must have seen the car, since she was entitled to rely upon the presumption that it was not being operated at a speed in excess of fifteen miles per hour, and if it had been operated within that speed, she would have been able to cross the track in safety.

3. **TRIAL PRACTICE: Credibility of Witnesses.** The credibility of the witnesses is for the jury.

4. **STREET RAILWAYS: Crossing Collision: Excessive Speed: Physical Facts.** In an action for damages sustained by a husband as a result of injury to his wife through being struck by a street car, it was shown by plaintiff that the car was traveling at the rate of twenty-five miles per hour, when the maximum rate permitted by ordinance was fifteen; that the car was one hundred and fifty feet from plaintiff's wife when she went upon the track; and that she was struck just as she was leaving the track. *Held*, that, in view of the fact that his wife would have left the track in another instant, plaintiff's right to have the case submitted to the jury on the theory that the car was run at an unlawful rate of speed was not dependent upon a showing that it could have been stopped within a certain distance, and hence the fact that a mathematical calculation would demonstrate that the evidence of plaintiff's witnesses was incorrect, either as to the distance the car was from the point of collision when plaintiff's wife went upon the track, or as to its rate of speed, would not defeat a recovery on the ground that plaintiff's case was refuted by the physical facts.

5. ————: ————: **Failure to Sound Gong: Proximate Cause.** In an action for damages sustained by a husband as a result of injury to his wife through being struck by a street car, there was evidence that plaintiff's wife looked for a car before going on the track, but no evidence as to whether she saw the car in question; and it was also shown that, near the place of the accident and in the direction from which the car came, there was a pleasure resort, which was brilliantly illuminated; that the headlight on the car was by no means brilliant; and that plaintiff's wife was fifty-six years of age and wore glasses. *Held*, that a recovery for failure to sound the gong could not be denied on the ground that if plaintiff's wife looked she must have seen the car, since she may have looked and not have seen it because of the glare of the illumination.

Bruce v. United Railways Co.

6. DAMAGES: Husband and Wife: Injury to Wife: Loss of Wife's Services: Evidence. In an action for damages sustained by a husband as a result of injury to his wife, where there was evidence as to the extent and character of the duties performed by her as a housewife, he was entitled to recover for the loss of such services, although there was no definite proof as to their value; the character of such services being such that almost any intelligent citizen may be presumed to know their reasonable value as a matter of common knowledge.

7. ————: ————: ————: Recovery for Time Lost in Nursing Wife. In an action for damages sustained by, a husband as a result of injury to his wife, where there was evidence that he received certain wages for his work, and that he laid off from work five days, during which time he took care of his wife almost exclusively, an instruction that he was entitled to recover for his own "necessary and personal care and attention" to his wife, was not erroneous on the ground that there was no testimony that he lost his wages during the time he laid off from work, as the jury might reasonably infer that he did.

8. ————: ————: ————: ————. A husband is entitled to recover for his own services in nursing and caring for his wife, negligently injured, where it is shown that he devoted time thereto, to the exclusion of his business or employment, whereby he suffered an actual and pecuniary loss.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm*, Judge.

AFFIRMED.

*Boyle & Priest, Arthur N. Sager* and *Chauncey Clarke* for appellant.

(1) The plaintiff's case is refuted by the physical facts brought forth by the testimony of his own witnesses. These physical facts being such as he himself adduced, he is bound by them. His case being so refuted, the defendant's instruction in the nature of a demurrer to the evidence should have been sustained. Nugent v. Milling Co., 131 Mo. 241; Payne v. Chicago, 136 Mo. 562; Nell v. Cunningham Co., 149 Mo. App. 53; Spiro v. Transit Co., 102 Mo. App. 250; Hook v. Railroad, 162 Mo. 569.    (2)    The court committed

error in refusing, at the close of the entire case, to
give the instruction asked by the defendant, in the na-
ture of a demurrer to the evidence, for the evidence
and physical facts conclusively established that plain-
tiff's wife stepped out from behind the westbound car
immediately in front of the approaching eastbound
car before her vision was entirely unobstructed and
that her negligence in so doing was the direct cause of
the accident and her injuries.  Sanguinette v. Rail-
road, 196 Mo. 466; Schmidt v. Railroad, 191 Mo. 215;
Stotler v. Railroad, 204 Mo. 619; Reno v. Railroad,
180 Mo. 481; Walker v. Railroad, 193 Mo. 479; Payne
v. Railroad, 136 Mo. 562; Giardina v. Railroad, 185
Mo. 334; Hornstein v. Railroad, 195 Mo. 455; Hafner
v. Transit Co., 197 Mo. 201; Paul v. United Railways
Co., 152 Mo. App. 577.  (3) The court committed re-
versible error in giving instruction No. 1 of its own
motion, permitting the jury to find the defendant neg-
ligent if the motorman failed to give warning of his
approach by sounding a bell or otherwise, because the
law imposed upon plaintiff's wife (and the court so
declared in instruction No. 8) the duty, before going
on the track, of looking and listening for an approach-
ing car.  Had she looked (and if she did not,
plaintiff had no right to recover), she would
have seen the car, so that the failure to sound
the gong could not, of itself, have been the cause of
the accident.  Warner v. Railroad, 178 Mo. 125; Hol-
man v. Railroad, 62 Mo. 562; King v. Railroad, 211
Mo. 1; Bluedorn v. Railroad, 121 Mo. 258; Brick Co.
v. Railroad, 17 Mo. App. 624; Molyneux v. Railroad,
61 Mo. App. 25.  (4) The court erred in giving in-
struction No. 6 on the question of damages because:
(a) It was error to authorize the plaintiff to recover
"for his own necessary and personal care and atten-
tion to her" (his wife).  Morris v. Railroad, 144 Mo.
500; Gibney v. Transit Co., 204 Mo. 722.  Moreover,

there was no proof of the value of the services alleged to have been rendered by the husband, and no evidence that he has lost any pay or salary because of his attention to his wife.    (b)    It was error to permit recovery for loss of services of plaintiff's wife, in the absence of any evidence concerning the extent or character of the duties as a housewife performed by her prior to the alleged injuries, or the length of time she was incapacitated from work.  Davidson v. Transit Co., 211 Mo. 320; Robertson v. Railroad, 152 Mo. 382; Duke v. Railroad, 99 Mo. 351.    (c)    It was also error to permit an award of damages for loss of the wife's services in the absence of any proof of the value of such services.    Gibler v. Railroad, 203 Mo. 223; Cobb v. Railroad, 149 Mo. 609; Davidson v. Transit Co., 211 Mo. 344.    (5)    The court erred in permitting the witness, Edward Noonan, Jr., to testify to the rate of speed at which the car was traveling, when he admitted he had not estimated the speed of the car at the time of the accident and that he was merely giving his best impression of the movement of the car on reflection on the stand.    Mathiesen v. Street Railway, 97 N. W. 243.

*Alfred A. Paxson* for respondent.

(1)    That the refusal of the demurrer to the evidence offered by the appellant, for the first time, at the close of the entire case, was not error is abundantly sustained by the cases.    This being the husband's case for injuries to the wife, she was not a competent witness.    There is no evidence that she did not stop, look and listen before starting across the track.    The presumption in law, absent such evidence, is that she exercised due care for her own safety.    Powers v. Transit Co., 202 Mo. 82; Buesching v. Gas Light Co., 73 Mo. 219; Petty v. Railroad, 88 Mo. 320; Schlereth v. Railroad, 115 Mo. 100; Crumpley v. Railroad, 111 Mo. 158; Richter v. Railroad, 145 Mo. App. 1.    (2)

"Had she looked, she would have seen the car" is the foundation upon which the appellant builds its third proposition. She did look, according to the undisputed testimony quoted above. If she saw the car 150 feet away, she was justified in assuming that those in charge would obey the speed law, and in that event she had ample time to make the crossing. If she was blinded and dazzled by the light from the Heights blazing in her face it was a question for the jury to decide whether she was exercising that ordinary care that the instructions told the jury the law demands; and the plaintiff was entitled to the instruction complained of. Weller v. Railroad, 120 Mo. 652; Weller v. Railroad, 164 Mo. 180; Powers v. Transit Co., 202 Mo. 267; Moore v. Transit Co., 194 Mo. 1; Moore v. Transit Co., 95 Mo. App. 728; Waddell v. Railroad, 213 Mo. 8. (3) The court did not err in allowing a recovery for "his own necessary and personal care and attention to his wife." Jennings v. Appleman, 159 Mo. App. 12; Mabery v. Gravel Road Co., 92 Mo. App. 596; Peltia v. St. Louis, 237 Mo. 694. (4) By repeated decisions of our Courts of Appeals it is held: "That the husband is entitled to recover; first, for present and future damages for the impairment of the wife's ability to perform domestic services for the family. Second, for the loss of her society and companionship past and future. Third, the reasonable expenditures for medical attendance, medicines and nursing, including his own services and time lost." Kirkpatrick v. Street Railway, 129 Mo. App. 524; York v. Everton, 121 Mo. App. 640, 135 Mo. App. 607; Becker v. Lincoln, 118 Mo. App. 74; Costello v. Transit Co., 119 Mo. App. 391.

ALLEN, J.—This is an action by a husband to recover damages alleged to have been sustained by him in consequence of personal injuries suffered by his

wife, resulting from alleged negligence of the defendant. Plaintiff recovered and the defendant prosecutes the appeal.

It appears from the evidence that on August 22, 1909, at about 10:30 p. m., plaintiff's wife alighted from a westbound car of defendant at a regular stopping place on a private right of way of defendant in the city of St. Louis, at the intersection of Central and Oakland avenues, public streets in said city; that defendant maintained at said point a double track, i. e., two tracks parallel with each other, upon one of which, the northern track, it operated its westbound cars, and upon the other its eastbound cars; that upon alighting from said car upon which she had been a passenger, plaintiff's wife turned and walked across the westbound track, behind this car, and attempted to cross the eastbound track; that before she got entirely across the latter track, and apparently just as she was stepping from the southern rail thereof, she was struck by an eastbound car of defendant and hurled off of the track, to the south thereof, against a telegraph pole, whereby she was painfully and seriously injured.

The petition counts upon (1) common law negligence; (2) the violation of what is known as the vigilant watch ordinance of the city of St. Louis; and (3) the violation of a speed ordinance of the city of St. Louis limiting the speed of street cars in that portion of the city to fifteen miles per hour. The answer of defendant was a general denial, coupled with the plea that the injuries to plaintiff's wife, if any, were caused by her own negligence and carelessness in stepping on the track immediately in front of a moving car. The reply was conventional.

On behalf of plaintiff, the evidence tended to prove that the eastbound car which struck plaintiff's wife approached the crossing in question, at which the westbound car had stopped, at a high rate of speed,

to-wit, at about twenty-five miles per hour; that no bell or gong was sounded, or other signal of warning given, as the car approached the crossing; and that the motorman of the eastbound car was not keeping a lookout ahead, but was talking to two girls who were seated on the sand box on the front platform.

I.  No demurrer to the evidence was offered at the close of plaintiff's case, *mirabile dictu,* but one was interposed at the close of all the evidence in the case, and the appellant earnestly insists that the trial court erred in refusing to sustain the same.  In the argument with respect to the court's action upon the demurrer, learned counsel for appellant appears to concede that the evidence adduced on behalf of plaintiff was sufficient to show, prima facie, negligence on the part of defendant's motorman in charge of the eastbound car which struck plaintiff's wife.  As to this, we think there can be no doubt.  The contention, however, is that the evidence conclusively shows that plaintiff's wife was guilty of negligence in stepping from behind the car from which she had alighted, immediately in front of the approaching eastbound car, before her vision was entirely unobstructed; and that her negligence in so doing was the direct cause of her injuries.

We are unable to concur in this view of the case.  Were the facts detailed in evidence such as to make it appear beyond dispute that the plaintiff's wife stepped from behind the westbound car immediately in front of the car which struck her, without looking for the approach of the latter car, undoubtedly her injuries would be attributable solely to her own lack of care.  The evidence however does not make out such a case.  On behalf of plaintiff, two witnesses, who were on the front platform of the eastbound car, testified that they saw plaintiff's wife when the car was about a half a block, or one hundred and fifty feet, away

from her. One of these witnesses testified on cross-examination that she looked towards the approaching car as she went to go upon the eastbound track. They both testified that she was struck by the car just as she was stepping from the last rail of this track; as one of them said: "One more step and she would have been off." And when struck by the car she was thrown to the south, entirely off of the track.

Plaintiff's wife, of course, was not a witness in the case. The presumption that she exercised ordinary care for her own safety in going upon the track in question must be indulged, in the absence of testimony or of physical facts and circumstances making the contrary appear. In view of the evidence in the record that she did look before going upon the track, which the physical facts cannot be said to refute, there would seem to be little, if any, ground to contend that plaintiff's wife was guilty of negligence as a matter of law. Certain it is that the evidence does not conclusively show negligence on her part, but makes the question of her negligence a matter for the consideration of the jury. The fact that she was evidently nearly across the track when she was struck, that there was evidence that one more step would have taken her out of danger, is altogether consistent with the theory that she looked for the car before going upon the track, as one witness said she did. And though she may have seen the car approaching, she was entitled to rely upon the assumption that it was not being operated at an unlawful rate of speed, to-wit, in excess of fifteen miles per hour.

There was testimony on behalf of plaintiff to the effect that the westbound car from which his wife had alighted had moved west, some little distance away from the crossing, before plaintiff's wife started to go upon the eastbound track, which tends to show that she did not step from behind the westbound car,

while the latter was standing immediately in front of the eastbound car, as is contended by appellant. In view of plaintiff's evidence, taken as a whole, the contention that his wife should be held to be guilty of negligence as a matter of law is without merit.

Learned counsel for appellant insist that plaintiff's case is refuted by the physical facts developed by the testimony of his own witnesses, and that for this reason the instruction in the nature of a demurrer to the evidence should have been given. This argument proceeds upon a mathematical calculation based upon the speed of the car, as estimated by plaintiff's witnesses, the minimum rate of speed at which it appeared plaintiff's wife was proceeding, and taking into consideration the distance which, according to plaintiff's witnesses, each would have to traverse, after plaintiff's wife started to cross, in order to reach the point where she was struck by the car. That is to say, the testimony of the witnesses who were on the front platform of the eastbound car was that the car was about half a block, or one hundred and fifty feet, from the crossing when they saw plaintiff's wife start to go upon the track; and these witnesses and others estimated that the car was running at about the rate of twenty-five miles per hour. It appeared that the distance between the rails of the track was four feet ten and one-half inches, and that the two tracks were four feet nine and one-half inches apart. And appellant proceeds to demonstrate that, if the testimony of plaintiff's witnesses be true, the car could not have struck his wife, for even had she walked at a very slow rate she would have entirely crossed the track before the car could have reached that point.

This argument, however, is based upon the supposition that plaintiff's witnesses were altogether correct in their estimates of speed and distance. If their

testimony is to be believed (and it is for the jury to judge as to that), the car was some considerable dis-. tance from the crossing at the time plaintiff's wife started to cross, and was running at a high rate of speed, which was not slackened until at or about the time it struck plaintiff's wife. Their estimates of the car's speed and its distance from the crossing when plaintiff's wife started to cross the track may be quite far from correct, without interfering with plaintiff's right to go to the jury. The value of such a mathematical calculation depends altogether upon the facts of the case in which it is sought to be applied. Under appropriate circumstances it may be altogether fatal to a recovery; but not so under the evidence in this record. Here, it only indicates that, either the car was traveling more rapidly than the witnesses thought, or that its distance from the crossing, at the time in question, was less than estimated by the witnesses, or both. If plaintiff's witnesses erred as to the speed of the car, it would appear that they erred in appellant's favor; and as to the distance in question, it may have been considerably less than estimated, without materially altering the legal aspect of the case. This distance was placed at about half a block, from which it appears it was judged to be about one hundred and fifty feet. This was, of course, a mere approximation, depending upon the recollection and estimates of the witnesses, who were boys.

Plaintiff's case is not dependent upon a showing that the car could have been stopped within a certain distance (though there is much testimony in the record touching this question), for it appears that plaintiff's wife had nearly crossed the tracks—one more step would have taken her out of danger. Therefore, had the car been much nearer to her when she went upon the track than plaintiff's witnesses testified, she might have taken this last step and crossed in safety had the

car been proceeding at a lawful rate of speed, or had any effort been made to check the speed thereof.

We think the demurrer was well ruled.

II.   Another assignment of error pertains to instruction No. 1, given by the court of its own motion. The only attack upon this instruction is upon the ground that it permitted the jury, among other things, to find the defendant negligent if the motorman "failed to give warning to plaintiff's wife by sounding a bell or otherwise of the approach of said car." It is urged that it was plaintiff's duty, before going upon the track, to look and listen for an approaching car; that if she did not look, she could not recover, and that if she did look, she must have seen the car, and that, therefore, the failure, if any, to sound the gong, or give other like warning of the approach of the car, could not have been the proximate cause of the injury. In other words, the contention is that even though the defendant's motorman was negligent in failing to give warning of the approaching car, there was no causal connection between such failure on his part and the striking and injuring of plaintiff's wife.

It is unnecessary to discuss the cases cited and relied upon by appellant in support of this assignment of error, for the reason that the facts of this case appear to be such as to make inapplicable the rule which appellant seeks to apply. It may be conceded that if plaintiff's wife actually saw the car approaching when she proceeded to cross the track, then a failure to warn her by sounding a gong or bell could not be said to be the proximate cause of her injuries. Nevertheless we think it was not error to submit this question to the jury. There was evidence that plaintiff's wife looked; but whether or not she saw the approaching car does not appear. It is quite possible, under the circumstances in evidence, that she may have looked as she stepped upon the track without then

seeing the car. It was at night, about 10:30 p. m. The evidence showed that near the point where the accident happened was a pleasure resort, which was brilliantly illuminated. The approaching car came from the direction of the last named place with, according to plaintiff's evidence, but a small and by no means brilliant headlight. Plaintiff's wife was about fifty-six years old, and wore glasses. If, in fact, she looked for the car at the time she started to cross the tracks and by reason of the glare of lights from that direction, or otherwise, did not perceive that the car was approaching, or that it was sufficiently near and traveling at such speed as to endanger her in crossing, the sounding of a gong or bell would have been a warning to her of the danger of attempting to do so.

In this theory of the case, plaintiff was entitled to have submitted to the jury the question of the negligence of defendant's motorman in failing to sound a warning of the approach of the car. We therefore rule this assignment of error against the appellant.

III. Error is assigned with respect to the instruction given for plaintiff on the measure of damages. In the first place, it is said that there was no evidence as to the extent or character of the duties performed as a housewife to entitle plaintiff to recover for the loss of his wife's services. An examination of the record, however, reveals that there is substantial evidence touching this matter, sufficient to enable the jury to reasonably determine the amount of plaintiff's loss in this respect.

It is also urged that this instruction is erroneous in permitting an award of damages for the loss of the wife's services, in that there was no proof of the value of such services. There does not appear to be definite proof of the value of the wife's services, but this is not necessarily fatal to a recovery therefor. The character of the services was such that almost

any intelligent citizen may be presumed to know the reasonable value thereof, as a matter of common knowledge; and the giving of this instruction could not well be reversible error, though the value was not directly proved, since the jury could infer the reasonable value thereof from the facts and circumstances in evidence. [Jennings v. Appleman, 159 Mo. App. 12, 139 S. W. 817; Mabrey v. Gravel Road Co., 92 Mo. App. 596.]

It is further urged that this same instruction is erroneous in that it permitted plaintiff to recover "for his own necessary and personal care and attention" to his wife. This very question has recently been before us in Esque v. Railroad, 174 Mo. App. 317, 157 S. W. 1061, in which we held such an instruction unwarranted, and to be reversible error, where the only evidence of any services rendered by the husband in caring for his wife was that he had to be up with her some at night, and it appearing that the husband had suffered no pecuniary loss on account thereof. However, neither that case nor the cases there referred to can be said to be authority for the proposition here advanced by appellant, for the reason that we find in the record before us evidence sufficient, in our judgment, to justify the giving of this instruction. The plaintiff testified that he was employed as a turnkey in the police department of the city of St. Louis, at a salary of sixty-five dollars per month; that he "laid off five days" when his wife was first injured, and took care of her himself exclusively during that time. There is no direct testimony that he lost his pay for the period of time that he "laid off," but the jury may reasonably and fairly infer that he did. It may thus be said to reasonably appear that plaintiff directly suffered some pecuniary loss by reason of the time which he devoted to the personal care of and attention to his wife.

Undoubtedly the husband may recover for his own services rendered in nursing and caring for the wife, where it is shown that he devoted time thereto to the exclusion of his business or employment, whereby he suffered an actual and pecuniary loss. [Smith v. City of St. Joseph, 55 Mo. 456; Kaiser v. Transit Co., 108 Mo. App. 708, 84 S. W. 199.] In the Esque case, supra, upon the authority of the cases there cited, we held, in effect, that while the husband was entitled to recover for the actual loss of his time in nursing and waiting upon his wife, it was essential to his recovery therefor that there be proof of the value of the time so devoted, or circumstances from which the pecuniary value thereof may be reasonably inferred. In the case before us there is evidence of the actual loss of a certain definite amount of time from plaintiff's employment, and, as we have said above, the inference may be fairly indulged that the plaintiff lost his salary or wages for such period. The evidence was therefore sufficient, in our judgment, to justify this portion of the instruction. We must therefore rule this assignment of error against the appellant.

Other questions raised are not of sufficient moment to demand discussion by us. A careful examination of the record reveals no reversible error, and the verdict is amply supported by the evidence. The judgment should therefore be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.