CARRIE A. BRUCE, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals. Argued and Submitted January 5, 1914. Opinion Filed February 3, 1914.

1. **NEGLIGENCE: Contributory Negligence: Primary Negligence: Instructions.** Where, in a negligence case, plaintiff is shown to have been guilty of contributory negligence as a matter of law, it is error to instruct on the question of the primary negligence of defendant.

2. **STREET RAILWAYS: Injury to Pedestrian: Contributory Negligence: Question for Jury.** In an action by a person injured by being struck by a street car while she was crossing the track, *held* that plaintiff's own testimony, taken as a whole, did not show that she stepped from behind a car going in the opposite direction and immediately in front of the car which struck her, so as to convict her of contributory negligence as a matter of law, but, on the contrary, the question of whether she was guilty of contributory negligence was a question for the jury.

3. **EVIDENCE: Admissions: Contradictory Testimony of Plaintiff.** Where contradictory statements are made by plaintiff, or any other witness, the rule is, that the jury, having all of his testimony before them, are to consider it as a whole, and they alone may determine which of the contradictory statements are true, and which are untrue.

4. **APPELLATE PRACTICE:** Conclusiveness of Verdict. The finding of a jury on a matter within their province is conclusive upon the appellate court.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey,* Judge.

AFFIRMED.

*Boyle & Priest, W. Blodgett Priest* and *Chauncey H. Clarke,* for appellant.

The trial court erred in giving respondent's third instruction: This instruction authorized the jury to find for the respondent if they found appellant violated the speed ordinance. As the plaintiff in her testimony admits stepping from behind the west bound car immediately in front of the approaching east bound car before her vision was at all unobstructed, she was guilty of contributory negligence as a matter of law. Hence no question of appellant's primary negligence should go to the jury. Paul v. United Railways Co., 152 Mo. App. 577; Hafner v. Transit Co., 197 Mo. 201; Hornstein v. Railway, 195 Mo. 455; Sanguinette v. Railroad, 196 Mo. 466; Schmidt v. Railway, 191 Mo. 215; Stotler v. Railroad, 204 Mo. 619; Walker v. Railroad, 193 Mo. 479; Payne v. Railroad, 136 Mo. 562; Giardina v. Railroad, 185 Mo. 334.

*Alfred A. Paxson* for respondent.

The court did not err in giving respondent's third instruction. To have refused to give it, under the facts in the record, would have been gross error. Plaintiff's testimony cannot, with any degree of fairness, be twisted into what appellant contends for. Bruce v. United Railways Co., 158 S. W. 102.

REYNOLDS, P. J.—This is an action by plaintiff, respondent here, to recover damages for injuries al-

leged to have been sustained by her in consequence of having been struck by a car operated by defendant along its line of railway in the city of St. Louis. The accident is the same as that involved in Bruce v. United Railways Co., 175 Mo. App. 568, 158 S. W. 102, that being by the husband for injuries to the wife, the present by the wife in her own name and in her own right for injuries sustained by her. Necessarily this plaintiff was not allowed to testify in behalf of her husband in that case. Now we have her version of the facts, as well as the testimony of outside witnesses, the latter practically as given in the trial of the other case. It is said by learned counsel for appellant that the present case is to be distinguished from that of the husband in as much as it comes before us with a new element, namely, the testimony of the injured party, the wife. It is claimed that in the light of the evidence given by plaintiff herself at the trial of the instant case, it was error to have given the third instruction on behalf of plaintiff, an instruction authorizing the jury to find for plaintiff, if they found that defendant had violated the speed ordinance of the city of St. Louis. It is argued that as the plaintiff herself "admits stepping from behind the westbound car immediately in front of the approaching eastbound car before her vision was at all unobstructed, she was guilty of contributory negligence as a matter of law," and that hence no question of appellant's primary negligence should have gone to the jury.

It is entirely true and is supported by the authorities cited by the learned counsel for appellant, that where plaintiff can be declared guilty of contributory negligence as a matter of law, it would be error to instruct the jury on the question of the primary negligence, if any, of defendant. The trouble with the contention of learned counsel for appellant is, that an examination of the testimony given by plaintiff, does not satisfy us that it bears the construction placed

upon it by those counsel. They have quoted from part of it given by plaintiff under cross-examination, as sustaining that contention. But let us look at her testimony as a whole, as we must. It may be said that it stands admitted that the car was going at a very rapid rate as it came from the west along the south track of defendant's road, coming down a grade; that the accident happened at night; that plaintiff was well acquainted with the premises; that the only light on the approaching car was a small electric bulb at the top of the front of the car. Plaintiff had alighted from a westbound car and after that car had gone on toward the west she started across the north track and walked over that and the intervening space between it and the south track, and nearly over the south track, was about to step over the south rail of the south track when she was struck and knocked down by an eastbound car. When she alighted from the car upon which she had been travelling, that car going west, she had walked two or three steps west and until the track was clear by the passing of the westbound car, and had then started to cross the tracks following a cinder platform or walk. The car from which she had alighted passed west slowly. Plaintiff testified that when she started to cross the track toward the south side, and before she started, she "stopped and looked and listened at the same time for an approaching car which I always do in getting off of a car. . . . There was no car coming that I could tell, no noise of an approaching car and no bell or gong." Just as she got on the south track and was near the south rail of that track, she first saw the car coming toward her from the west, and before she could step clear of the south rail, the car was on to her and knocked her down. This, briefly, is plaintiff's account on her direct examination, of the accident.

On cross-examination, plaintiff testified that this accident had occurred between nine and ten o'clock at

night. The stars were shining. The place at which she alighted from the car was near a summer garden and there were small incandescent lights on the posts in the vicinity. She repeated that she stopped and looked and listened for a car just as she always did and saw none; that she had always made it a rule to do that; that she heard nothing, no gong and no bell and then started cross; started up after the car upon which she had been a passenger had moved up so that she could do so. We give the remainder of her testimony under cross-examination verbatim.

"Q. You started to walk on across, and the next time you looked up the car was right on you? A. I looked up after I got onto the south track. I was walking to the south, and I kept looking all the while, as soon as I could after this other car got past.

Q. And you didn't see this car when you looked the first time—at any one of the times you looked? A. Not until it got right onto me.

Q. You didn't hear the car at all until it struck you? A. Just before it struck me a few minutes.

Q. How long before? A. I can't tell you the exact minute, but it wasn't very long, because the car was going fast.

Q. Just a second or so, you mean? A. Yes, sir.

Q. I just wanted to fix the approximate time, that is all, as near as you can get to it. A. Of course, I can't tell you the exact minute.

Q. You say that you looked after this car had moved up? A. Yes, sir.

Q. You mean that the car that you got off of had moved up? A. Yes, sir; after it moved up, I went three or four feet, or maybe more, on south. I took a couple of steps, maybe.

Q. Where were you at the time you took a couple of steps as the car was moving west? A. I walked two or three steps west, first, and then when the car

181 App. 7

had started on, I started across the tracks to the south—

Q. And then you looked to the west? A. Yes, sir. The car, of course, that I got off of obstructed the view so I couldn't see very far, and then the glittering of the lights from West End Heights bothers anyone there at night; they are so much higher than the top of the car as you look that way.

Q. You didn't see any car at that time? A. No, sir.

Q. You then proceeded on across the track? A. Yes, sir.

Q. And you didn't look up again until the car was right onto you? A. No, sir."

It is upon the answers of plaintiff to the last five questions that learned counsel for appellant rely for their proposition that plaintiff admitted facts which as a matter of law showed contributory negligence upon her part. When her testimony is read all together and considered as a whole, as it is entitled to be, we are unable to conclude from it, as a matter of law, that it establishes by the admissions of plaintiff herself, the fact of contributory negligence. That is the only claim in this case upon which learned counsel for appellant rely, and we cannot sustain it. The test of testimony does not rest upon a mere synopsis of it, upon detached portions, upon single sentences. It is to be considered as a whole and its general effect sought. So reviewing the testimony of the plaintiff, we cannot say, as a matter of law, that she stated herself out of court. While it does appear in the latter part of the cross-examination that the plaintiff said she did not look up again until the car was right upon her, it also appears by her answers to the very first and second questions above set out, when read together, that she made a statement contrary to this. Note the following statement by plaintiff in the answers last referred to, and we repeat and italicize them here: *"I*

*was walking to the south and I kept looking all the while as soon as I could after this car got past.''* From this it appears that plaintiff testified she was looking all of the time and immediately after the car which had obstructed her view passed on. The evidence of the witness, granting all that appellant claims, then presents the question of contradictory statements by plaintiff concerning the facts of her conduct at the time, rather than the question of a direct admission by her that she went upon the track without looking, after the car which had obstructed her view had moved away. Where contradictory statements are made by a plaintiff, or any witness, the rule is that the jury, having all of it before them, are to consider it as a whole, and the jury alone may determine that which is true and that which is untrue; may determine which version they will accept as true. The jury had all of that testimony, as well as that of eyewitnesses, to the facts attendant upon the accident, and with that evidence before them, it was for the jury to say whether plaintiff had convicted herself of contributory negligence. The jury found in the negative as to this and their finding, they having been correctly instructed, is binding upon us. We find no reversible error in the record.

The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.,* concur.