HAINES *v.* LEONARD WAREHOUSES, INC.

1. NEGLIGENCE— ELEVATORS — PERSONAL INJURIES — CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action by an employee of the owner of a moving van against a warehouseman to recover damages for injuries due to stepping into an aperture between an elevator platform in the building and the floor while assisting his employer in removing a box from the platform, evidence *held*, to present a jury question whether plaintiff was guilty of contributory negligence.

2. PRINCIPAL AND AGENT—AUTHORITY OF AGENT—QUESTION FOR JURY.

In an action by an employee of the owner of a moving van against a warehouseman to recover for personal injuries sustained by falling into an aperture between an elevator platform and the floor in the building while assisting his employer in removing a box from the platform preparatory to carrying it to the van, evidence *held*, to present a jury question whether defendant's checker had the apparent authority to invite plaintiff and his employer on the premises to remove the goods so as not to constitute plaintiff a trespasser.

Error to Wayne; Mandell, J. Submitted October

23, 1917.    (Docket No. 168.)    Decided December 28, 1917.

Case by Bateson Haines against the Leonard Warehouses, Incorporated, for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Vandeveer & Foster,* for appellant.

*Carey, Armstrong & Weadock,* for appellee.

BIRD, J.    Defendant corporation operates a storage warehouse at the corner of Jefferson and Orleans streets in the city of Detroit.   One J. Navarre Atkinson, having stored his household goods in defendant's warehouse, applied for their release on the morning of September 29, 1916.   He was informed that they would not be ready for delivery until an hour or so later.   At the appointed time Atkinson returned with a moving van in charge of Vogt, the owner, and plaintiff Haines, Vogt's employee.   After the goods were lowered from the upper floor, and while they were still on the elevator, Atkinson notified Vogt and plaintiff that the goods were ready to be moved.   They went inside the warehouse and to the elevator, which was some distance from the door.   Jones, defendant's checker, stood near the elevator with a list of the goods and said to them to call the numbers on the articles as they were removed so that he could check them off the list.   Plaintiff approached the elevator and took hold of a gas stove, tipped it toward him, and assisted in taking it away without going on the elevator.   When he returned, he found Vogt in the act of removing a box.   He stepped on the elevator, took hold of the opposite end, and they started to carry it away.   As they did so, plaintiff stepped into the aperture between the elevator platform and the floor, which was 5½ inches in width and extending the entire length of

the platform. As a result thereof, plaintiff fell, dislocating his ankle and breaking one of the small bones in his left leg. The trial court submitted to the jury. the question of defendant's negligence, and also the plaintiff's contributory negligence, and they returned a verdict for the plaintiff of $1,000.

It was plaintiff's contention that he was on defendant's premises by implied invitation, and it thereby became defendant's duty to keep the premises in a reasonably safe condition for him while removing the goods; that leaving an aperture of $5\frac{1}{2}$ inches between the elevator platform and floor without being covered and without warning him of its existence was actionable negligence on its part. Defendant's counsel in this court does not seriously combat the charge that defendant was negligent, but they insist that the trial court was in error because of its refusal to direct a verdict for the defendant on the ground that plaintiff was guilty of contributory negligence.

Counsel calls attention to certain testimony of plaintiff in which he stated that he observed the numbers on the boxes and crates of furniture and similar objects smaller in size than the aperture, and the inferences drawn therefrom are that plaintiff either did see the opening, or ought to have seen it, because it was obvious. In determining this question, the testimony should be considered as a whole. The testimony further shows that plaintiff had never been inside the warehouse before the day in question; that it was at the noon hour while the employees were at lunch, and the electric lights were turned off, and as a result the warehouse was poorly lighted; that when he assisted in carrying the stove he did not go on the elevator, and when he assisted in carrying the box he could not see the floor where he was walking and had no reason to apprehend that the opening exceeded the ordinary opening between elevators and floors. We

are of the opinion that the testimony as a whole presented a question of fact for the jury as to plaintiff's negligence.

It is further urged in this connection that plaintiff was a trespasser, and that the only duty defendant owed him was to refrain from wilfully injuring him, and that Jones, the checker, was acting outside the scope of his authority and against the express command of his master, when he invited plaintiff to come on the premises. Henry Lusk, the warehouse foreman, testified that he had instructed Jones "not to permit outsiders to come into the warehouse," the practice being to have the truckers convey the goods to and from the vans at the outer door.

Plaintiff was at the warehouse on his master's business, a business in which defendant was interested. Jones was in immediate charge of the movement of the goods, and at the time was the sole representative of defendant present. Defendant's truckers had gone to lunch, and plaintiff and Vogt were invited by Jones to move the goods. There is no claim that either Vogt or plaintiff had any knowledge of defendant's rule that outsiders were not allowed in the warehouse. As between Jones and his master, Jones may have exceeded his authority; but, as between Jones and the plaintiff, the testimony tends to show that he had the apparent authority which he exercised. 26 Cyc. pp. 1533-1535. The question, therefore, as to whether Jones had the apparent authority under all the circumstances, was properly submitted by the trial court to the jury.

The trial appears to have been a fair one, and, as we find no reversible error, the judgment must be affirmed.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.