## KERNS *v.* LEWIS.

1. MOTOR VEHICLES—IMPLIED AUTHORITY OF AGENT.

   One put in charge of automobile retail sales department, without specific instructions, was invested with implied authority to do all things reasonably necessary or proper to efficiently carry into effect the power conferred, unless it be a thing specifically forbidden.

2. SAME—DISCRETION OF AGENT.

   Implied authority of manager of automobile retail sales department necessarily included right and duty to use his judgment and discretion in furtherance of business of his department.

3. SAME—QUESTION FOR JURY.

   Implied authority of manager of automobile retail sales department to loan automobile to customer whose own was being repaired, is to be gathered from facts and circumstances, and is question for jury.

4. PRINCIPAL AND AGENT—PRINCIPAL LIABLE THROUGH MISTAKE OF JUDGMENT OF AGENT.

   When one invests another with general authority and discretion and it is exercised in due course and furtherance of principal's business, the latter is not relieved from the consequences of mistake of judgment of agent, either as to extent of his authority or manner of exercising it, as against third persons, nor is the authority to be limited to principal's unexpressed intention.

5. MOTOR VEHICLES—DEATH—DAMAGES.

   In action by husband for damages arising out of automobile collision resulting in death of wife, worth of husband's time, lost from business while caring for wife, was proper element of his damage.

Error to Saginaw; Martin (William H.), J. Submitted October 11, 1929. (Docket No. 61, Calendar No. 34,543.) Decided December 3, 1929.

On right of husband at common law to recover for loss of time and funeral expenses necessitated by negligent killing of wife, see annotation in 9 L. R. A. (N. S.) 1193.

Case by William E. Kerns against Morgan F. Lewis, doing business under the assumed name of Nash-Lewis Motor Company, for personal injuries. From judgment for plaintiff, defendant brings error. Affirmed.

*O'Keefe & O'Keefe,* for plaintiff.

*Bishop & Weaver,* for defendant.

FEAD, J. This is an action for damages arising out of an automobile collision which resulted in the death of Gertrude Kerns. It is a companion case to *Kerns* v. *Lewis,* 246 Mich. 423, where the facts are stated. Plaintiff sued for loss of services of his wife and expense in caring for her.

At the time of the accident, defendant's car was driven by Walter Pentkowski, brother of John. It had been loaned to John by George Clinton, an employee of defendant. The important question is whether Clinton had authority to loan the car so that when the accident occurred it was being driven with defendant's "implied consent or knowledge" and he thereby made liable for the negligence of the driver under Act No. 56, Pub. Acts 1927, § 29. *Kerns* v. *Lewis, supra.*

Defendant operated a Nash car sales business, with wholesale and new and used car retail departments and service for cars that had been sold. Early in 1926 Clinton became retail sales manager, with power to hire salesmen, in full charge of his department in defendant's absence, and without specific instructions as to his conduct of the business. About June 30th, John Pentkowski purchased of defendant, through Clinton and his salesmen, a new Nash sedan, upon which he applied his used car as part payment and agreed to pay the balance in install-

ments. The new car developed considerable engine trouble and was brought back to the garage at least twice for repair. On August 26th Pentkowski brought it in, it could not be repaired until the next day, and he asked Clinton to loan him a car. Clinton loaned him the Nash coach, which had been taken in trade and was kept for sale. He testified, ''There was one standing there that I knew he could take.'' Neither counsel asked him to explain the statement, but it may be taken as an indication that Clinton was acting in good faith in what he did. Defendant was away at the time of the loan and did not know of it until after the accident. He had said nothing to Clinton about loaning cars, either by way of permission or prohibition. Once before defendant himself had loaned a car to a customer while his was being repaired. It did not appear that any other occasion arose for loaning a car, nor that anyone ever was refused. Defendant denied that Clinton had authority to loan the car. Clinton said defendant never had given him express authority to loan a car. Clinton, however, testified generally that all dealers have courtesy or emergency cars to loan to customers while their cars are being repaired. While this statement was not strictly evidence of a local custom, no objection was made to it and it was evidence for the jury to consider. Defendant, however, had no courtesy or emergency car devoted to such purpose.

When defendant put Clinton in charge of the retail sales department, without specific instructions, he invested him with implied authority ''to do all things which are reasonably necessary or proper to efficiently carry into effect the power conferred, unless it be a thing specifically forbidden.'' *Emery* v. *Ford*, 234 Mich. 11.

As Clinton was manager, his implied authority necessarily included the right and duty to use his judgment and discretion in furtherance of the business of his department. It is a fair inference that the authority applied not only to the search for prospective purchasers and sales to them but as well to cultivating a good will for the business by proper attention to customers whose cars were not working satisfactorily. Pentkowski was an actual and recent customer of Clinton's department, having trouble with his purchase. An added inducement to giving him service was that his car was not yet paid for. In loaning him a car, while his own was unfit for the purpose for which he had bought it, Clinton was merely doing an act which was in accord with the practice of all dealers for whom he had worked and which defendant himself had done in like circumstances. It was not a departure from the business of his employer nor so extraordinary and unusual as to be plainly beyond the contemplation of the parties of Clinton's authority.

Implied authority is to be gathered from facts and circumstances, and is usually a question for the jury. When one invests another with general authority and discretion, and·it is exercised in the due course and furtherance of the principal's business, the latter is not relieved from the consequences of a mistake of judgment of the agent, either as to the extent of his authority or the manner of exercising it, as against third persons, nor is the authority to be limited to the principal's unexpressed intention. The question was for the jury. 2 C. J. pp. 962, 576; *Haines* v. *Leonard Warehouses,* 199 Mich. 580; *Katz* v. *Wolff,* 221 N. Y. Supp. 476.

Defendant also contends that plaintiff was guilty of contributory negligence as a matter of law. The

facts in this case are practically identical with those in *Kerns* v. *Lewis, supra,* where it was held that plaintiff's negligence was for the jury.

The jury allowed plaintiff $500 for his own services in caring for his wife. He was a bricklayer and contractor, with a partner. When he was absent the firm hired a man in his place at $11 per day, which was the fair and usual wage for a bricklayer. Plaintiff estimated he spent six months at home attending his wife before she died. The worth of his lost time was a proper element of his damage. The testimony was sufficient to furnish a basis from which the value could reasonably be inferred. *Bruce* v. *United Railways Co.,* 175 Mo. App. 568 (158 S. W. 102). While plaintiff could not give the precise days of his attendance, his estimate was for the consideration of the jury. The jury allowed him a small part of what he claimed.

We find no error in the record, and the judgment is affirmed, with costs.

BUTZEL, WIEST, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred. NORTH, C. J., did not sit.