MICHAEL *v.* KIRCHER.

SOPHIEA *v.* SAME.

1. PRINCIPAL AND AGENT—AUTOMOBILES—SALESMEN—APPARENT AUTHORITY—ACCEPTANCE OF DOWN PAYMENTS.

    Licensed automobile salesman who customarily accepted down payments on cars sold for defendant dealers acted within the scope of his apparent authority in accepting deposit from plaintiffs on 2 cars, under evidence presented.

2. SAME—APPARENT AUTHORITY—AUTOMOBILE SALESMAN.

    Whether automobile salesman had specific actual authority to sell a new car of a particular make of the then current year is immaterial, where he had been cloaked by the principal with apparent authority to sell a car of that year's model.

3. SAME—APPARENT AUTHORITY.

    The principal is bound by the act of his agent, where he cloaks the agent with apparent authority to do such act.

4. SAME—APPARENT AUTHORITY—EVIDENCE—QUESTION FOR JURY.

    The apparent authority of an agent to act as the representative of his principal is to be gathered from all the facts and circumstances in evidence and ordinarily is a question of fact for the jury's determination.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur, Agency § 159.
[1] Authority, or apparent authority, of agent to receive payment for commodities which he has authority, or apparent authority, to sell, or for which he is authorized to find a market. 8 ALR 203; 105 ALR 718.
[2] 2 Am Jur, Agency § 113.
[2] Right of purchaser from agent or dealer in possession of article for purpose of demonstration or solicitation, without actual authority to sell. 57 ALR 393.
[3] 2 Am Jur, Agency § 101.
[4–7] 2 Am Jur, Agency § 102.
[5] 2 Am Jur, Agency § 104.
[9, 10] 3 Am Jur, Appeal and Error § 896 *et seq.*

5. SAME—APPARENT AUTHORITY—ESTOPPEL OF PRINCIPAL.

Whenever a principal has placed an agent in such a situation that a person of ordinary prudence, conversant with business usages and the nature of the particular business, is justified in assuming that such agent is authorized to perform in behalf of the principal the particular act, and such particular act has been performed, the principal is estopped from denying the agent's authority to perform it.

6. SAME—LIABILITY OF PRINCIPAL FOR UNAUTHORIZED ACTS OF AGENT.

The responsibility of a principal for the acts of his agent extends to all cases where the agent is acting within the scope of his usual employment or has held out to the public, or to the other party, as having competent authority, although the agent has, in the particular instance, exceeded or violated his instructions and acted without authority.

7. SAME—APPARENT AUTHORITY.

A principal is liable for the acts of his agent who has acted within his authority as it reasonably appears to a third person, under the circumstances, on the theory that where 1 of 2 innocent persons is to suffer, he ought to suffer who misled the other into the contract.

8. SAME—ESTOPPEL.

Agency may be established by an estoppel to deny the existence of such an agency by persons who, through their conduct, have given others reason to believe that such agency exists.

9. APPEAL AND ERROR—NONJURY CASES—COMMON PLEAS COURT—CIRCUIT COURT—FINDING OF FACT.

Appeals to circuit court from the common pleas court are not heard *de novo* but upon the settled records and filing of briefs and the finding of the common pleas judge on an issue of fact should not be reversed unless the evidence clearly preponderated in the opposite direction (CL 1948, § 728.4, as amended by PA 1949, No 149; Court Rule No 77, effective 1949).

10. SAME—NONJURY CASES—FINDING OF COMMON PLEAS COURT JUDGE —PREPONDERANCE OF EVIDENCE.

Finding of common pleas judge, hearing case without a jury, that defendant automobile dealers' salesman had apparent authority to accept deposits of down payments on automobiles, which he later embezzled *held*, not against the pre-

ponderance of the evidence (CL 1948, § 728.4, as amended by PA 1949, No 149; Court Rule No 77, effective 1949).

Appeals from Wayne; Miller (Guy A.), J. Submitted October 7, 1952. (Docket Nos. 6, 7, Calendar Nos. 45,356, 45,357.) Decided January 5, 1953.

Actions in common pleas court by John Michael and Larry Sophiea against Everett F. Kircher and others for amounts paid salesman on purchase of automobile. Judgments for plaintiffs. On appeal to circuit court judgments for defendants with exception of the salesman. Plaintiffs appeal. Reversed and judgments ordered entered for plaintiffs.

*Samuel J. Torina,* for plaintiffs.

*Alexander, Cholette, Buchanan, Perkins & Conklin (Robert E. Fox,* of counsel), for defendants.

BOYLES, J. These 2 cases originated in the common pleas court for Detroit where both plaintiffs had judgments on trials by the court without jury. On appeals to the circuit court, heard by Judge Guy A. Miller without a jury, the judgments against defendants Kircher, Howdy Motor Sales and John Kircher, Inc., were reversed and set aside. Both plaintiffs have appealed. The cases are here on a single consolidated record, but have been submitted on separate briefs. The same questions of law are involved in both cases, on similar facts and circumstances.

From June until December 18, 1948, defendant Edward Sadow was a salesman for the defendants-appellees who were automobile dealers in new and used cars. On October 25, 1948, Sadow accepted an order from plaintiff Sophiea for a 1948 Plymouth automobile and gave him a receipt for $1,000 cash

as a deposit for a down payment, the balance to be paid on delivery. On October 30, 1948, Sadow likewise accepted a deposit of $500 from plaintiff Michael as a down payment on a Plymouth automobile which Sadow said would be ready for delivery in a few days. Sadow embezzled the money from both deposits and the cars were never received by the plaintiffs. Sadow was later convicted of embezzlement and the plaintiffs brought the instant suits against Sadow and the other defendants to recover the money received by Sadow as agent for the others. Sadow was defaulted, allowed judgments to be entered against him and did not appeal. On the appeal of the other defendants to the circuit court, the said appellants Kircher, both individually and as copartners doing business as Howdy Motor Sales, and as John Kircher, Inc., prevailed before Judge Miller on their appeal to said court and the common pleas judgments were set aside. Both plaintiffs have perfected appeals to this Court.

The crux of their claims here is that the circuit judge erred in holding that Sadow was not acting as agent for the defendants in the transactions which gave rise to these suits. As to that, we are not in accord with the conclusion of the circuit judge that Sadow was not acting as appellees' agent, within the scope of his apparent authority, in accepting the deposits. Admittedly he was working for said defendants from June until he left their employment on December 18, 1948, and did not return. His authority as their salesman was to sell automobiles. It was customary for their salesman to accept down payments. Defendants claim Sadow's authority to sell new cars was limited to Studebakers, whereas Sadow receipted to plaintiff Sophiea for down payment on a new Plymouth. As to that, there is ample proof that Sophiea was supposed to have a 1948 Plymouth, but not necessarily a new car. Sophiea

testified that in the course of his dealing with Sadow he did not have a new car in mind—only that it was to be a 1948 Plymouth. Furthermore, the balance of the purchase price was not stated in the receipt which Sadow gave Sophiea for the deposit. This lends credence to said plaintiff's claim. The balance of the purchase price for a *new* 1948 Plymouth was readily ascertainable, whereas the balance of purchase price of any other 1948 Plymouth might be left open. The act of Sadow in writing "new" into the receipt he gave Sophiea might perhaps bind the defendants, but does not necessarily indicate that Sophiea himself had understood that he was not merely buying a 1948 Plymouth. The testimony fairly establishes that Sophiea did not insist that his purchase of a 1948 Plymouth must be a new car. The Kirchers, as copartners under the name Howdy Motor Sales, also sold used cars. There was a 1948 Plymouth on their sales lot at the time plaintiff Sophiea made his down payment of $1,000 for a 1948 Plymouth. The payment was received by Sadow at the lot. It accorded with the defendants' admitted usual custom to accept deposits on cars. Sadow was licensed as a salesman for Howdy Motor Sales, had keys to the cars there parked, and access to the titles and records. The Howdy Motor Sales and John Kircher, Inc., operated together and Sadow assisted a State motor vehicle inspector in checking Howdy Motor Sales against titles, from the records and titles obtained from the salesroom of John Kircher, Inc. Defendants had supplied Sadow with business cards in their name, showing Sadow as their representative. Both plaintiffs had such a card.

Whether Sadow had specific actual authority to sell a *new* 1948 Plymouth for the defendants is immaterial, where he had been cloaked by the defendants with apparent authority to sell a 1948 Plymouth. Where a principal cloaks his agent with apparent

authority to do an act not actually authorized, the principal is bound thereby. *Richards* v. *Lowrie & Webb Lumber Co.,* 317 Mich 42. A like situation as in the instant case was here in *Mossman* v. *Millenbach Motor Sales,* 284 Mich 562, where a salesman for the owner of a used-car lot business sold a truck, pocketed the proceeds and disappeared. We affirmed a judgment for the plaintiff on the ground that the agent had been cloaked with apparent authority. The Court said:

"The main question in the case is whether Smith was acting as an agent of defendant in the transaction in question.

"In 21 RCL, p 856, it is stated:

" 'The apparent authority of an agent to act as the representative of his principal is to be gathered from all the facts and circumstances in evidence, and ordinarily this is a question of fact for the jury's determination.'

"In *Faber* v. *Eastman, Dillon & Co.,* 271 Mich 142, the Court said:

" 'It is elementary that persons dealing with an agent may rely on his apparent authority (*Marx* v. *King,* 162 Mich 258), and that such authority is to be gathered from all of the facts and circumstances properly admitted in evidence. *Haines* v. *Leonard Warehouses, Inc.,* 199 Mich 580; *Kerns* v. *Lewis,* 249 Mich 27. This question was discussed at length by Mr. Justice McDONALD, speaking for the Court, in *Maryland Casualty Co.* v. *Moon,* 231 Mich 56, and the following from 21 RCL, p 856, was quoted with approval (p 62):

" ' "Whenever a principal has placed an agent in such a situation that a person of ordinary prudence, conversant with business usages and the nature of the particular business, is justified in assuming that such agent is authorized to perform in behalf of the principal the particular act, and such particular act has been performed, the principal is estopped from denying the agent's authority to perform it." '

"In Story on Agency (9th ed), § 443, it is said:

" 'But the responsibility of the principal to third persons is not confined to cases where the contract has been actually made under his express or implied authority. It extends further, and binds the principal in all cases where the agent is acting within the scope of his usual employment, or has held out to the public, or to the other party, as having competent authority, although, in fact, he has, in the particular instance, exceeded or violated his instructions, and acted without authority. For, in all such cases, where 1 of 2 innocent persons is to suffer, he ought to suffer who misled the other into the contract, by holding out the agent as competent to act, and as enjoying his confidence.'

"Persons dealing with an agent have the right to act upon the presumption that he is authorized to do and perform all things within the usual scope of his principal's business.

" 'The general rule is that the powers of an agent are *prima facie* coextensive with the business intrusted to his care.' *Grossman* v. *Langer*, 269 Mich 506, 510.

"In an action against a principal by one dealing with an agent, the apparent authority of the latter must be gathered from all the facts and circumstances properly admitted in evidence. *Grinnell* v. *Carbide & Carbon Chemicals Corp.*, 282 Mich 509.

"A principal who has placed his agent in such a situation that a third person of ordinary prudence, conversant with business usages and the nature of the particular business, is justified in assuming the agent is authorized to perform a particular act in behalf of the principal, is estopped to deny agent's authority to perform it. *Grinnell* v. *Carbide & Carbon Chemicals Corp., supra.*"

See, also, *Reichert* v. *State Savings Bank of Royal Oak,* 274 Mich 126, where the Court said:

"Agency may be established by an estoppel to deny the existence of such an agency by persons who,

through their conduct, have given others reason to believe that such agency exists. *Clark* v. *Dillman*, 108 Mich 625; *Pettinger* v. *Alpena Cedar Co.*, 175 Mich 162; *Plankinton Packing Co.* v. *Berry*, 199 Mich 212; *Quinn* v. *Quinn Manfg. Co.*, 201 Mich 664."

The circuit judge, in reversing the judgments entered in the common pleas court, relied on the testimony of Sadow as to the extent of his authority as agent for the appealing defendants. The testimony in these cases had been taken at the trial held in the common pleas court, transcribed and returned to the circuit court in accordance with the statute and court rules hereinafter referred to. The circuit judge held that Sadow had neither actual nor apparent authority to enter into these transactions as said appellees' agent, and that his acts did not bind said appellees. In so doing, the circuit judge ignored the findings of fact made by the trial judge in the common pleas court, which were to the contrary.

The review of the judgments for plaintiffs entered in the common pleas court was based on a transcript of the testimony and proceedings had in the common pleas court. On such review, the circuit court does not hear the case *de novo*. PA 1929, No 260, § 4 (CL 1948, § 728.4), providing for the review of judgments of the common pleas court by the circuit court, was amended by PA 1949, No 149 (Stat Ann 1951 Cum Supp § 27.3654), and provides as follows:

"In all cases in which any of the parties to the litigation feel themselves aggrieved by the judgment, or final order of a judge or judges of the common pleas court, appeal or certiorari shall lie within 20 days of the date of such judgment or order, to the circuit court of said county for review, but not for trial *de novo,* where the case shall be reviewed in the same manner as near as may be, as cases appealed from the circuit court are now reviewed in the Supreme Court. * * * .

"Transcripts of judgments rendered by the common pleas court may be taken and filed in the same manner and within the same time and with like force and effect as is provided by law.

"A reporter or stenographer may be employed in any case upon demand of either party to the case, or on order of the court."

See, also, Court Rule No 77, effective September 23, 1949, which defines the practice on appeals to circuit courts from the common pleas court in Detroit, and substantially follows the rules for practice on appeals from circuit courts to this Court. Said Court Rule No 77 is not contradictory of the statute above quoted, as applied to the question now before us. Such appeals are heard in the circuit court on settled records and filing of briefs. They are not heard *de novo*.

The common pleas judge, hearing the case without a jury, held that Sadow had been cloaked by the defendants with apparent authority to accept the deposits of down payments for the sale of the 2 automobiles. The circuit judge, also hearing the case without a jury, relied entirely on the testimony of Sadow, the agent, to the contrary, although his testimony had been disbelieved in material essentials by the trial judge in the common pleas court. Under the circumstances, the conclusion of the common pleas judge should not have been reversed unless the testimony taken in the common pleas court clearly preponderated in the opposite direction. It does not. The circuit judge erred.

Reversed and remanded with directions for entry of judgments for the plaintiffs in accordance with section 21 of said Court Rule No 77, with costs of all courts to plaintiffs.

Dethmers, C. J., and Adams, Butzel, Carr, Bushnell, Sharpe, and Reid, JJ., concurred.