## Walter E. MITCHELL
v.
**RKO RHODE ISLAND CORPORATION,** New England Theatres, Inc., Interstate Theatres Corporation, Milford Realty Corporation, Paramount Film Distributing Corporation, Loew's, Incorporated, Twentieth Century-Fox Film Corporation, Warner Bros. Pictures Distributing Corporation, RKO Radio Pictures, Inc., United Artists Corporation, Universal Film Exchanges, Inc., Columbia Pictures Corporation, Republic Pictures Corporation.

Civ. A. No. 52-1156.

United States District Court
D. Massachusetts.

July 14, 1958.

See, also, D.C., 148 F.Supp. 245.

George S. Ryan, Boston, Mass., for plaintiff.

Nutter, McClennen & Fish, Boston, Mass., for Republic Pictures.

Collins & Collins, Boston, Mass., for RKO R. I. Corp.

Singer, Stoneman & Kurland, Boston, Mass., for Interstate Theatres Corp. and Milford Realty Corp.

Arthur E. Whittemore, Boston, Mass., for N. E. Theatres, Inc., Paramount Film Distb. Corp., Loew's, Inc., 20th Century Fox Film Corp., Warner Bros. Pictures Distb. Corp., RKO Radio Pictures, Inc., United Artists Corp., Universal Film Exchanges, Inc., Columbia Pictures Corp., Republic Pictures Corp.

FRANCIS J. W. FORD, District Judge.

Defendants Interstate Theatres Corporation and Milford Realty Corporation, whose connection with this case is alleged to be solely in connection with their operation of the State Theatre in Milford, move for summary judgment on the basis of the facts set forth in the affidavit of Theodore Fleisher, president of both defendants since 1952, and on the depositions of plaintiff Mitchell, operator of the Morse Theatre in Franklin, and of one Howard, president and treasurer of Affiliated Theatres Corporation which bought and booked films for the Morse Theatre from 1941 to 1951.

Defendants' argument can be briefly summarized as follows. Mitchell's deposition shows that the sole cause of any damage which he claims he suffered so far as these defendants are concerned was that he was held back in the exhibition of pictures until after the showing of those pictures in Milford. The clearance provisions in effect during the relevant period were as follows: Providence and Milford were entitled to show

pictures on the territorial release date (except that as to three distributors prior to the season 1950–1951 Milford's clearance was 14 days after Providence). At all times Woonsocket's clearance was 14 days after Providence. Franklin's clearance was at all times immediately after Milford and, depending on the distributor, immediately after Woonsocket, seven days after Woonsocket or fourteen days after Woonsocket. Hence, defendants argue, plaintiff could not possibly have been delayed by any protection enjoyed by Milford, since so far as the Milford clearance itself was concerned he could show pictures immediately after Milford. Any actual delay suffered by him behind Milford was due not to the Milford clearance but to the effects of the Providence clearance over Woonsocket and the additional clearance of Woonsocket over Franklin.

Of course, there remains the possibility that while defendants had no express clearance over Franklin, they were parties to an agreement or understanding with other defendants to maintain the Woonsocket and Providence clearances which in practical effect gave Milford a clearance of from fourteen to twenty-eight days over Franklin. Hence the Fleisher affidavit contains averments that defendants, except from the signing of contracts giving them the simple clearance "ahead of Franklin" never acted with or cooperated with any other parties to the action in any act to affect availability of films to plaintiff's theatre.

Plaintiff has filed counter-affidavit of his counsel with attached copies of cut-off cards of distributors Warner and Loew's showing playing dates of certain pictures at plaintiff's and defendants' theatres and the Stadium Theatre in Woonsocket.

Neither defendants' affidavit nor plaintiff's counter-affidavit gives a precise definition of clearance. However, it is clear from the briefs of the parties that defendants' argument is based on the assumption that the clearance period runs from the first showing of the film by the protected theatre, while plaintiff's view is that clearance runs from the last showing of the film by the protected theatre. Plaintiff's view appears to be supported by the explanation of clearance given by the court in United States v. Paramount Pictures, Inc., D.C., 66 F. Supp. 323, 341. At least there is a material issue here which the court cannot decide without further evidence.

Moreover, defendants' whole argument fails if their assumption as to the nature of clearance is incorrect. If Milford's simple clearance over Franklin means that Franklin can show a picture, not the day after Milford begins to show it, but the day after the last showing of the picture in its Milford run, then the question of whether plaintiff's showing of pictures was held back by Milford cannot be settled by merely comparing contract provisions, but must be determined by the actual dates when pictures were shown in Milford and Woonsocket. Plaintiff's counter-affidavit, based on records of two of the several distributors here involved, shows numerous instances where the Milford run of a picture ended substantially later than the time when clearance protection based on the Woonsocket run had expired. In those cases it would be Milford and not Woonsocket which delayed the Franklin showing.

■■ In the light of plaintiff's counter-affidavit it cannot be said that there is no genuine issue of material fact remaining in the case. Summary judgment must be denied when there is any real doubt as to the facts. Peckham v. Ronrico Corporation, 1 Cir., 171 F.2d 653, 657.

■ In addition, the averments of the Fleisher affidavit relating to the conspiracy issue are an unsatisfactory basis for a summary judgment. Fed.Rules Civ.Proc. rule 56(e), 28 U.S.C.A., requires that affidavits shall be made on personal knowledge, shall set forth facts and shall show affirmatively that affiant

is competent to testify as to the matters stated therein. Affiant's statement amounts merely to a general declaration that these defendants have done nothing in conjunction with other defendants which in his opinion directly affected the plaintiff's theatre. It does not contain any specific denial of participation by these defendants in other acts which might make them parties to one or both of the conspiracies alleged in the complaint. The affidavit states that Fleisher has been president of both defendants only since 1952, that he was manager of the State Theatre in Milford in 1927, and he was employed by defendant Interstate Theatres Corporation in some unspecified capacity between 1928 and 1952. This does not constitute a showing that Fleisher is competent to testify on his personal knowledge that during the whole of the relevant period defendants did nothing to make them participants in the alleged conspiracies.

The motion of defendants Interstate Theatres Corporation and Milford Realty Corporation for summary judgment is denied.