Ted **LEWIN**
v.
**UNITED STATES.**
No. 118–57.

United States Court of Claims.
March 4, 1959.

Murray M. Chotiner, Beverly Hills, Cal., for plaintiff.

George L. Ware, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

JONES, Chief Judge.

The plaintiff seeks to recover the face value of ninety-five postal money orders now in the plaintiff's possession. The case is before us on defendant's motion for judgment on the pleadings. The defendant contends that this court has no jurisdiction over the controversy and, in the alternative, that the petition fails to state a cause of action.

The plaintiff, in 1953, while residing in Manila, Philippine Islands, acquired for value, ninety-five postal money orders issued by the United States Post Office Department and governed by 39 U.S.C.A. §§ 711, 723, 724, 728a.[1] On the back of each money order was a printed statement to the effect that in order to transfer the instrument a special indorsement by the payee was necessary. Both the statute and the order further stated that an additional indorsement would render the instrument void.

1. "Section 711. Money-order system established.

"To promote public convenience, and to insure greater security in the transfer of money through the mail, the Postmaster General may establish and maintain, under such rules and regulations as he may deem expedient, a uniform money-order system, at all suitable post offices, which shall be designated as 'money-order offices.'

\* \* \* \* \*

"§ 723. Indorsement of orders.

"The payee of a money order may, by his written indorsement thereon, direct it to be paid to any other person, and the postmaster on whom it is drawn shall pay the same to the person thus designated, provided he shall furnish such proof as the Postmaster General may prescribe that the indorsement is genuine, and that he is the person empowered to receive payment; but more than one indorsement shall render an order invalid and not payable, and the holder, to obtain payment, must apply in writing to the Postmaster General for a new order in lieu thereof, returning the original order, and making such proof of the genu-

ineness of the indorsements as the Postmaster General may require.

"§ 724. Identification of payee.

"Postmasters shall not issue any money order conditioned that identification of payee, indorsee, or attorney may be waived, nor shall any postmaster pay any money order issued without requiring identification of the payee, indorsee, or attorney.

\* \* \* \* \*

"§ 728a. Payment; unpaid orders after lapse of twenty years.

"No money order heretofore or hereafter issued shall be paid after twenty years from the last day of the month of original issue. Claims for unpaid money orders shall be forever barred unless received by the Post Office Department within such twenty-year period. Any excess of funds accrued because of money orders remaining unpaid may be transferred to postal revenues at such times and in such amounts as the Postmaster General shall determine. The records of the Post Office Department shall serve as the basis for adjudicating claims for payment of money orders."

All ninety-five postal money orders involved in this case bear a second indorsement. The plaintiff is unable to locate or identify any of the original payees or remitters named in the money orders. The plaintiff presented the money orders to the United States Post Office Department for payment of their face value totaling $8,344.

The Postmaster General refused payment until such time as the plaintiff should produce evidence that the indorsements were genuine and that the plaintiff was the owner of the orders.

The plaintiff contends that he acquired possession of the money orders for value received and that the second indorsements on the instruments were made through a misunderstanding. The plaintiff further asserts that the Postmaster General's refusal to pay the money orders without a hearing constituted arbitrary and capricious action, thus giving this court jurisdiction to review the decision of the Postmaster General.

■ The instruments involved in this case are not "negotiable instruments" and are not therefore governed by the laws applicable to commercial paper. They are specialties called "money orders" and are governed by the postal laws. In order for the plaintiff to receive payment he must comply with the procedure required by those laws. In order to obtain payment on these money orders he must "make proof of the genuineness of the indorsements as the Postmaster General may require." The mere fact that the plaintiff is a holder for value is not sufficient. The issue is whether the plaintiff has complied with the statutory requirements. We hold that he has not met these requirements and that in refusing payment, the Postmaster General acted neither arbitrarily nor capriciously.

■ The question before the Postmaster General was entirely one of fact. The evidence presented at that time by the plaintiff was not sufficient to satisfy the Postmaster General that the indorsements were genuine, nor was he satisfied with the chain of title. According to the statutory provisions it is within the discretion of the Postmaster General to authorize the payment of the money orders provided the holder "shall furnish such proof as the Postmaster General may prescribe that the indorsement is genuine, and that he is the person empowered to receive payment; * * *." Absent any arbitrary action, his decision is final and this court will not upset it. The plaintiff, according to the statutory provision, is not left without a remedy should he be able at some later time to prove ownership of the orders since he has twenty years after the date of issue to make a proper claim against the defendant.

Defendant's motion for judgment on the pleadings is granted, and plaintiff's petition will be dismissed.

It is so ordered.

LARAMORE, MADDEN and WHITAKER, Judges, concur.