**AETNA CASUALTY AND SURETY COMPANY**

v.

**BROOKSIDE DISTILLING PRODUCTS CORP.**

Civ. A. No. 5579.

United States District Court
M. D. Pennsylvania.

April 24, 1959.

Richard H. Warren, Warren, Hill, Henkelman & McMenamin, Scranton, Pa., for plaintiff.

Bialkowski, Bialkowski & Bialkowski, Scranton, Pa., for defendant.

WATSON, District Judge.

Plaintiff has moved for summary judgment in its favor under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.

Under Rule 56 the Court cannot decide issues of fact but can determine only whether there are issues of fact to be tried.

Plaintiff sued upon a note No. SC–214, dated July 10, 1950, in the sum of $15,-

000, purportedly executed by defendant corporation by its president, Joseph M. Gentile. Plaintiff alleges in its complaint that Gentile had executed, on behalf of defendant, the note payable to "Ourselves" and thereafter endorsed it; that defendant delivered the note so endorsed to Philadelphia Acceptance Corporation, which corporation also endorsed the note and delivered the same for value to the City Bank and Trust Company of Reading; that City Bank thereupon became holder in good faith for value before the note became overdue or dishonored; that thereafter plaintiff succeeded to the rights of the City Bank by virtue of an assignment and a further endorsement; and that after demand, presentment and protest the defendant has refused to pay either the principal or the interest.

In his answer, defendant's president, Gentile, alleges that defendant is without knowledge or information to form a belief as to whether the note was executed by Gentile; that delivery to Philadelphia Acceptance is denied because defendant does not know whether Gentile signed the note; and that defendant is without knowledge as to the remaining allegations of plaintiff's complaint except that demand and non-payment is admitted.

In defendant's amended Answer several affirmative defenses are set forth which state, in effect, that defendant left with Philadelphia Acceptance Corporation several notes signed in blank; that if this instant suit is based upon a note signed by Gentile, it was filled in and delivered by Philadelphia Acceptance without defendant's authority; that defendant received no proceeds from the note; and that plaintiff knew or should have known of these facts. Plaintiff filed a reply to the affirmative defenses denying the allegations and the relevancy thereof.

Several affidavits were filed by plaintiff and defendant which, when read together, tend to confuse rather than clarify the issues here involved.

Plaintiff has presented an affidavit of a person who is alleged to be an accredited handwriting expert. This affidavit was introduced with plaintiff's motion to establish the authenticity of Gentile's signature which appears upon the note in question. Gentile has filed an affidavit in which he avers that his signature is not genuine.

 The Court believes that it need go no further in the consideration of the merits of this motion. It is clear that there remains a genuine issue of fact which must be resolved before this Court can arrive at an orderly disposition of the case.

Therefore, an Order will be filed denying plaintiff's motion for summary judgment and directing that this action be placed upon the Trial List of this Court.