Evelyn S. DIETRICH, Plaintiff,

v.

STANDARD BRANDS, INCORPO-RATED, Defendant.

No. 30661.

United States District Court
E. D. Pennsylvania.

March 21, 1963.

**326**

Harold S. O'Brian, Jr., John H. Austin, of Paul & Paul, Philadelphia, Pa., for plaintiff.

Wilbur H. Haines, Jr., Philip H. Strubing, of Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendant.

FREEDMAN, District Judge.

Plaintiff in this action for copyright infringement has moved for summary judgment under Rule 56.

Plaintiff is the holder by assignment of the copyright on certain slide rule calculators. They are used chiefly by retail grocers to determine quickly a price based on cost and a desired markup. Some time in May 1958 defendant purchased a quantity of calculators from Whitehead & Hoag Company, a manufacturer of such articles, and distributed them free of charge to retail grocers as an advertisement of defendant's "Tender Leaf Tea". If there was any infringement, it was the fault of Whitehead & Hoag Company, the manufacturer. But Whitehead & Hoag Company was dissolved in December 1959 following the sale of all its assets to another company. Hence the suit, which was brought in December 1961, is against the defendant as an innocent infringer.

It is strenuously urged by plaintiff that there are no material issues of fact to be tried and that the questions of law which alone remain should be decided by the court on the motion for summary judgment.

We may not, of course, determine issues of fact because they appear to us to preponderate so heavily in favor of the plaintiff that we would have no hesitation in accepting the plaintiff's claim if we were called upon to decide the facts. A careful study of the record leads to the inescapable conclusion that a number of factual issues are in dispute. Summary judgment therefore is not appropriate.

1. There is a presumption of the validity of plaintiff's copyright. This presumption is supported by the allegation in the Complaint (¶5) that plaintiff's calculator is copyrightable and contains "a large amount of material wholly original with the author". The Answer, however, denies that the material is copyrightable and puts in issue the averment that the work contains original material. The pleadings thus raise an issue of fact on originality. Moreover, defendant's answer to interrogatory no. 17 avers that it knows of calculators containing substantially the same subject matter as the plaintiff's. Defendant's opposing affidavit, made on information and belief, violates Rule 56(e) which requires that it be made on "personal knowledge". We therefore disregard its averment that "At the trial of the action, defendant intends to offer testimony that slide rule calculators substantially similar to plain-

tiff's were in general use by engineers and others long prior to the date plaintiff claims she procured a valid copyright for her calculators." However, the affidavit goes on to aver that "I *know* of the existence of, and have examined, one calculator which performs the same functions and utilizes the same scales, mechanism and design as plaintiff's calculators and which antedates plaintiff's. Defendant intends to introduce this calculator into evidence at trial and to offer testimony concerning its preparation, publication and distribution." The averment based on the affiant's knowledge is adequate.

Clearly, therefore, an issue of fact is raised by the affidavit as well as the pleadings on whether plaintiff's calculator was not an original work, notwithstanding the copyright which plaintiff holds.

2. The Complaint (¶11) alleges that the calculators which the defendant distributed to the public were copied from plaintiff's calculators and thus infringed plaintiff's copyright. The Answer admits that defendant purchased calculators from Whitehead & Hoag Company, an independent contractor, and thereafter distributed them to the grocery trade. It denies, however, that the calculator which it distributed was copied from the plaintiff's calculator or that it infringed plaintiff's copyright. Moreover, as a Fifth Defense the Answer specifically avers that the defendant's calculators "were designed, manufactured and sold" by Whitehead & Hoag Company "independently of and without access to any subject matter claimed by plaintiff to be protected by the copyright". Here is a flat issue of fact, created by the pleadings. Plaintiff's supporting affidavit avers that Whitehead & Hoag Company had manufactured an earlier type of calculator for the affiant (plaintiff's assignor) in 1938 or 1939, that it therefore was in the business of making such commercial articles, and be-

cause "Whitehead & Hoag Company, for many years, manufactured calculators and similar articles for final distribution to the retail grocers trade, I know they did have access to copies of my copyrighted calculators in their normal business activity". This is indubitably an allegation of access by the manufacturer to plaintiff's calculator. But the defendant's opposing affidavit refers to its denial in ¶11 of its Answer of any copying, and to its Fifth Defense, which alleges that defendant's calculator was designed by Whitehead & Hoag Company independently from plaintiff's and without any access to plaintiff's. Here too, therefore, is a sharp issue of fact drawn in the pleadings and reiterated in the affidavit.

Plaintiff would have us ignore the defendant's denials because she claims that a physical comparison of the calculators will show that defendant's is an exact copy of the plaintiff's. But we may not draw a factual conclusion from apparent verisimilitude in the face of the specific denials of access and copying. We cannot find copying and access simply because of the apparent identity of the scales on the two calculators. For all we know they are so obviously useful that defendant's manufacturer needed no precedent pattern in choosing them. If the plaintiff's selection of the items on the scale is in any way unusual, that is a matter which will have to be shown as all facts are established in the absence of admission by a defendant,—by proof at the trial. Anatole France described the point when he said that if enough monkeys were set to work striking typewriter keys for enough years they would ultimately reproduce all the works in the British Musuem. Learned Hand, J., has told us in Sheldon v. Metro-Goldwyn Pictures Corp., 81 F.2d 49, 54 (2d Cir., 1936), " * * * if by some magic a man who had never known it were to compose a new Keats's Ode on a Grecian Urn, he would be an 'author,' and, if he copy-

righted it, others might not copy that poem, though they might of course copy Keats's."

■■■ It is true that defendant's opposing affidavit weakens the denial by revealing its inability to find witnesses who will establish nonaccess and by indulging in an expression of hope that they will be found. But this goes only to the weightiness of the evidence which the defendant will be able to produce. It does not alter or cancel the flat denial in the Answer that there was neither copying nor even access to the plaintiff's calculators by the independent contractor who manufactured the defendant's calculator. One may well doubt in the light of the affidavits that the defendant will be able to muster any evidence whatever in support of the allegation in its Answer. But we have been reminded again and again that summary judgment may not be granted where there is a genuine issue as to a material fact presented by either of the parties to the action. (See Mascuilli v. United States of America, 313 F.2d 764 (3d Cir., Feb. 15, 1963); United States of America v. Various Articles of Drug, 314 F.2d 850 (3d Cir., Mar. 11, 1963)). This principle applies where the issue is raised by the pleadings, even though subsequent affidavits may appear to make the conclusion clear to the court. (See Booth v. Security Mutual Life Ins. Co., 155 F. Supp. 755, 758 (D.N.J.1957)). Moreover, "Any doubt as to the existence of a genuine issue of fact is to be resolved against the moving party"; Krieger v. Ownership Corporation, 270 F.2d 265, 270 (3d Cir., 1959). This is the rule which we must follow, notwithstanding the likelihood that it will soon be changed by the proposed amendment to Rule 56 which was transmitted to the Congress on January 21, 1963, by the Supreme Court.[1] We may not in anticipation of the Amendment abandon the principle which governs us in the consideration of a motion for summary judgment and proceed, as the Advisory Committee's note describes the Amendment, "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Doubt would exist, even under the Amendment, when it comes into operation, regarding plaintiff's right to summary judgment. For the Advisory Committee suggests the caveat that "summary judgment may be inappropriate where the party opposing it shows * * * that he cannot at the time present facts essential to justify his opposition." Here the defendant alleges the search for evidence in circumstances of its own innocence and the unavailability of the employees of the manufacturer which has since gone out of existence.

It is clear, therefore, particularly under Rule 56 as it now stands, that to grant the plaintiff's motion for summary judgment would be to disregard the pleadings and the issues of fact raised by them, issues which are admittedly material and under the affidavits presented cannot be discredited as lacking genuineness. In these circumstances we need not consider the additional defense of laches tendered by the defendant.

## ORDER

AND NOW, March 21, 1963, plaintiff's motion for summary judgment is denied.

---

1. The Amendment adds at the end of the Rule: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."