MORESCHINI *v.* REGIONAL BROADCASTERS OF
MICHIGAN, INC.

1. PRINCIPAL AND AGENT—AUTHORITY—ESTOPPEL.
    A principal is estopped to deny his agent's authority to perform
    a particular act, where he places an agent in such a situation
    that a person of ordinary prudence, conversant with business
    usages and the nature of the particular business, is justified
    in assuming that such agent is authorized to perform the
    particular act in behalf of the principal, and such particular
    act has been performed.

2. SAME—APPARENT AUTHORITY—ESTOPPEL—ADVERTISING PROMO-
    TIONAL MATERIALS.
    Corporate agent, local manager of a radio station was clothed
    with apparent authority to contract for advertising promo-
    tional materials supplied the station, and defendant, a corporate
    employer, was estopped to deny his authority to enter into
    such contracts.

Appeals from Muskegon; Beers (Henry L.), J.
Submitted May 8, 1964. (Calendar Nos. 82, 83,
Docket Nos. 50,164, 50,302.) Decided September 2,
1964.

Action by Richard Moreschini and William Rizzie,
copartners doing business as Custom Service Print-
ers, against Regional Broadcasters of Michigan, Inc.,
a Michigan corporation, for sums owing for printing
services. Action by Donald Hoogenstyn, doing busi-
ness as Industrial Advertising, against the same de-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 3 Am Jur 2d, Agency § 76.

fendant for advertising material and services. Actions combined for trial and on appeal. Judgments for plaintiffs. Defendant appeals. Affirmed.

*Seymour I. Rosenberg,* for plaintiffs.

*Smedley & Spaniola* (*Harold H. Smedley,* of counsel), for defendant.

Smith, J. In these cases, consolidated for trial, plaintiffs individually sued on contracts to recover money for promotional materials supplied radio station WTRU, owned by defendant. By answers, defendant pleaded in each case that its local manager had "no authority to enter into any such contracts." Defendant says that although the agent (manager) was hired as a "station and sales manager," his authority was expressly limited by memorandum from the president and general manager of defendant corporation. The circuit judge found for one plaintiff in the amount of $2,742.86, and for the other, $1,541.95.

The following excerpt from the target-sure opinion of Judge Beers adequately sums up the case:

"It appears without dispute that insofar as this locality was concerned, Lee was in sole charge of the operation of this business. It is not disputed that any person who came to the station intending to deal with the station, would be referred to Mr. Lee as the manager. Lee proceeded to conduct the business of the station and apparently entered into advertising promotion, with a view to increasing the business of the station. He learned that a picnic had been successfully conducted a year or so before, and he made plans for another picnic of this type to be conducted on a rather grandiose scale.   *   *   *

"It appears without any dispute that Lee was never authorized to enter into contracts on behalf

of the corporation in the manner in which he did, nor had he any authority to pledge the credit of the corporation.     *     *     *

"I have spent considerable time studying the briefs submitted by counsel and examining the authorities upon this subject of estoppel.  I have come to the conclusion that under the circumstances of this case, the defendant, having placed Lee in charge of its local operation as manager and clothed with, at least, the indicia of authority to do any reasonable act in the operation of the station, the defendant can not now be heard to deny Lee's authority to enter into the contracts in question."

The trial judge is eminently correct in his appraisal that the issue is one of estoppel.

The case of *Maryland Casualty Co.* v. *Moon,* 231 Mich 56, 62, quotes with approval the applicable rule appearing at 21 RCL, Principal and Agent, § 34, p 856:

" 'Whenever a principal has placed an agent in such a situation that a person of ordinary prudence, conversant with business usages and the nature of the particular business, is justified in assuming that such agent is authorized to perform in behalf of the principal the particular act, and such particular act has been performed, the principal is estopped from denying the agent's authority to perform it.' "

See *Michael* v. *Kircher,* 335 Mich 566, for excellent compendium of authorities.  Also, 1 MLP, Agency, § 63.

It is sufficient to reiterate here the finding of the trial judge, for which support is adequate in the record, that defendant placed the agent in charge of the radio station as local manager.  The principal thereby clothed the agent with the indicia of authority to act for the principal in the premises and that said agent was acting within the apparent scope of authority.  There is no suggestion that plaintiffs

had any notice or knowledge of limitations placed upon the agent's authority by his principal, the defendant. The trial court concluded that defendant was thereby estopped to deny the agent's authority so to contract for his principal. The record amply supports this finding and the law his conclusion.

Affirmed. Costs to appellees.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, O'HARA, and ADAMS, JJ., concurred.