**Donald R. YOUNG et al.**

v.

**ATLANTIC MUTUAL INSURANCE CO.**

**Civ. A. No. 31496.**

United States District Court
E. D. Pennsylvania.

Nov. 1, 1965.

Miles Warner, Daniel W. B. Flint and Murphy & Senesky, Philadelphia, Pa., for plaintiff.

Louis G. Hill, Stuart H. Savett and Dilworth, Paxson, Kalish, Kohn & Dilks, Philadelphia, Pa., for defendant.

DAVIS, District Judge.

This action for libel and slander is now before the Court on the defendant's motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

The plaintiffs, professional photographers, had submitted 60 Ektachrome transparencies to Time Magazine for a determination as to their possible use in a future issue. Time lost these transparencies, and the plaintiffs tendered a claim of $54,000 or $900 for each. Thinking that the claim was excessive, Time referred the matter to the defendant, its insurance company, which thereupon through its Philadelphia branch manager engaged O'Hanlon Reports, Inc., an insurance inspection agency specializing in commercial reporting, to furnish it with a credit report on the plaintiffs. The latter contend that during the course of this investigation, one of O'Hanlon's employees made certain defamatory remarks about them and that the defendant is liable for such statements on the theory that O'Hanlon Reports was its agent. The defendant denies any agency and on this basis moves for summary judgment under Rule 56.

To succeed in obtaining summary judgment, there must be "no genuine issue as to any material fact," and the burden rests on the moving party to demonstrate that none exists. Barron & Holtzoff, Federal Practice and Procedure § 1235. To this end, the defendant has produced several affidavits concerning the relationship between Atlantic Mutual Insurance Company and O'Hanlon Reports, Inc. as well as statements made by various persons during oral depositions.

One affidavit is that of Charles MacKenzie, Claims Secretary for Atlantic Mutual Insurance Company. The affiant relates, in some detail, facts which would negate any possible agency relationship between the defendant and O'Hanlon. However, almost the entire affidavit is

obviously hearsay. For example, Mr. MacKenzie averred in paragraph 5:

"Carpenter [Philadelphia Branch Manager] did not specify the manner in which the services were to be performed and did not request O'Hanlon to use means or methods other than normal routine means and methods in conducting the investigation concerning Donald R. and Helene Callahan Young."

In other portions of the affidavit, it is at best unclear whether the affiant had personal knowledge of the facts he asserts or whether he is swearing to hearsay. For example, he stated in paragraph 16:

"Atlantic had no right whatsoever to control, guide, or supervise to any degree the manner in which the aforesaid investigation of Donald R. and Helene Callahan Young would be made."

█ The affidavit, nevertheless, loses any impact it might otherwise have had when one reads its opening clause. It asserts that Mr. MacKenzie "deposes and says" the facts related therein, not that he "knows" them. In other words, the affiant does not aver that he knows of his own personal knowledge the information contained therein. It is clear that the court must disregard the sworn statement of Mr. MacKenzie since Rule 56(e) is quite explicit in requiring affidavits to be made on "personal knowledge." Engelhard Industries, Inc. v. Research Instrumental Corp., 324 F.2d 347–351 (9th Cir. 1963), Cert. denied 377 U.S. 923, 84 S.Ct. 1220, 12 L.Ed.2d 215 (1964). Doza v. American National Insurance Co., 314 F.2d 230, 232 (8th Cir. 1963); Chan Wing Cheung v. Hamilton, 298 F.2d 459, 460 (1st Cir. 1962); Maddox v. Aetna Casualty & Surety Co., 259 F.2d 51, 53 (5th Cir. 1958); Dietrick v. Standard Brands, Inc., 32 F.R.D. 325, 326–327 (E.D.Pa.1963).

The defendant has also produced the affidavit of Howard A. Slayback, the president of O'Hanlon Reports, Inc. It is likewise permeated with hearsay and other statements which may or may not be within the personal knowledge of the affiant, and commences with the phrase "deposes and says," rather than "knows". Consequently it carries no weight for the purposes of this motion.

██ Since the affidavits produced by the defendant are inadequate to negate the existence of genuine issues of fact and since the defendant's references to certain depositions are likewise unhelpful, the defendant's motion for summary judgment must be denied.