**James A. STEWART, Plaintiff,**

**v.**

**UNITED STATES of America,**
**Defendant.**

**Civ. No. 30490.**

United States District Court

E. D. Michigan, S. D.

June 16, 1969.

**1048**

David F. Breck, Birmingham, Mich., for plaintiff.

Lawrence Gubow, U. S. Atty., by Joseph F. Deeb, Jr., Asst. U. S. Atty., Detroit, Mich., for defendant.

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KAESS, District Judge.

This is an action in which the plaintiff, owner of Norwood Jewelry Company, seeks to recover from the United States of America, defendant herein, losses incurred when the manager and former owner of said company, Clarence Blumenfeld, cashed 48 postal money orders belonging to the company and kept the proceeds. The defendant, pursuant to Rule 56, Federal Rules of Civil Procedure, filed a motion for summary judgment, on the ground that there is no genuine issue as to any material fact as a matter of law.

Clarence Blumenfeld and his brother established a small jewelry company in Detroit in 1955. The company, called "Jewels by Norwood", sold costume jewelry. In 1956 Mr. Blumenfeld rented post office box No. 5585 at the Fenkell Station, Detroit. Two years later the company was incorporated under the name "Jewels by Norwood, Inc." In 1959 Blumenfeld rented another post office box, Number 5597, at the Fenkell Station, in the name of "Jewels by Norwood, Inc.". That very same year (1959) Blumenfeld interested the plaintiff in investing in the company. By 1963 plaintiff had loaned Blumenfeld about $16,000. During this time (1959 to 1963) all business with the Fenkell Station was conducted by Blumenfeld or his wife. This included shipping packages, signing receipts for mail, and securing and cashing money orders for the company.

In August of 1963 plaintiff purchased the assets of the business at a foreclosure sale, as a result of Blumenfeld's payment defaults on certain indebtedness to plaintiff. Plaintiff reorganized the company, called it "The Norwood Jewelry Company" and registered the company with the Wayne County Registrar, showing himself as the sole owner. Plaintiff filed a notice of change of address with the Wayne County Clerk. No notice of the new firm registration or letters of limitation on the authority of the Blumenfelds were sent or given to the Fenkell Station or any other postal authorities, and the post office had no actual notice of the changes in ownership.

However, the facts do bear out that plaintiff did go to the Fenkell Station and inquired about being assigned a different box, and was told that none were available. Plaintiff retained Blumenfeld as Sales Manager and left him in charge of the business, placing certain restrictions on Blumenfeld, such as, he was prohibited from making payments for merchandise bought by the company and endorsing money orders. Letters from plaintiff to the suppliers of "Norwood Jewelry Company" indicate such limits. However, no direct notice of Blumenfeld's limited duties was sent to the Fenkell Station. Blumenfeld continued to transact postal business with the Fenkell Station for the reorganized company. All payments to the post office for postage and box rental were made by checks drawn and signed by plaintiff, in behalf of "Norwood Jewelry Company." The

checks were made payable to the Postmaster, and were presented by Blumenfeld.

Plaintiff requested Blumenfeld to change the name of the Fenkell Station box from "Jewels by Norwood, Inc." to "Norwood Jewelry Company", and Blumenfeld later told plaintiff that he had done so. In January of 1964 plaintiff complained to postal authorities that postal employees were stealing, cashing or forging money orders payable to the Norwood Jewelry Company. Plaintiff requested a new post office box, but since none were available he retained the old one. Plaintiff, a short time thereafter, discussed the problem with the superintendent of the Fenkell Station and was informed that Blumenfeld had cashed a number of money orders made out to Norwood Jewelry Company as payee on an endorsement—"Pay to the Order of Clarence Blumenfeld, Norwood Jewelry Company, per Clarence Blumenfeld." Blumenfeld did not have the authority to cash said money orders. They were cashed during a five-month period —August 6, 1963 to January 20, 1964. In all, Blumenfeld cashed 48 checks belonging to Norwood Jewelry Company, with a total value of $3,115.47.

Plaintiff contends that defendant's agents or employees had a duty to forbear from paying said money orders to Blumenfeld without establishing his authority to cash them; that by making payment over an unauthorized endorsement defendant converted said instrument and is liable for the total face amount of the instrument.

Defendant contends that plaintiff, by clothing Blumenfeld with apparent authority to transact business on behalf of the firm, as between two innocent parties, must bear the loss and is now estopped to deny that Blumenfeld was not authorized to cash postal money orders; that plaintiff was contributorily negligent in failing to notify the postal authorities of the change in ownership of the firm or of any limitations on Blumenfeld's authority to transact business on behalf of the company.

■ In entertaining a motion for summary judgment, pursuant to Rule 56 of Federal Rules of Civil Procedure, it is this court's function to determine if there are any issues of fact to be tried. Aetna Casualty & Surety Co. v. Brookside Distilling Products Corporation (D.C.Pa., 1959), 23 F.R.D. 273. Unless the facts are clear and undisputed, the motion should not be granted. If there is any doubt, the motion should not be granted. Mitchell v. RKO Rhode Island Corp. (D.C.Mass., 1958), 22 F.R.D. 232. Any doubt as to the existence of genuine issue of fact is to be resolved against the party moving for summary judgment. Dietrich v. Standard Brands, Inc. (D.C.Pa., 1963), 32 F.R.D. 325.

This court, in making a determination as to defendant's motion, must decide whether (1) a postal money order constitutes a negotiable instrument and is governed by the Uniform Commercial Code; (2) Blumenfeld was clothed in apparent authority so as to render plaintiff liable for his actions.

■ Postal money orders are not negotiable instruments and hence are not governed by laws applicable to commercial paper, but are governed by postal laws. Levin v. United States (U.S. Court of Claims, 1959), 170 F.Supp. 646. This court is aware of the fact that postal money orders have limited characteristics which make them like negotiable instruments, but these characteristics are minimal and deprive them of being classified or considered as ordinary negotiable instruments. United States v. First National Bank of Boston (D.C.Mass., 1967), 263 F.Supp. 298.

■ The operation of the postal money order system is a "sovereign function" and not a "commercial operation", notwithstanding it may have some aspects of commercial banking. United States v. Northwestern Nat'l Bank & Trust Co. (D.C.Minn., 1940), 35 F.Supp. 484, at 486.

■ Both of the parties have stipulated, in effect, that the instant case can be completely resolved with sole reference to the general principle of the law of agency. The rule states that when a principal places his agent in a position where it appears that his agent has certain powers which he may or may not possess, and a third person holds a reasonable belief that the agent was acting within the scope of his authority and changes his position in reliance on the agent's act, the principal is estopped to deny that his agent was not authorized to act. Masuda v. Kawasaki Dockyard Co. (C.A.N.Y., 1964), 328 F.2d 662; Windsor Steel Products, Limited v. Whizzer Industries, Inc. (D.C.Mich., 1958), 157 F.Supp. 284; Michael v. Kircher, 335 Mich. 566, at 571, 56 N.W. 2d 269; Faber v. Eastman, Dillon & Co., 271 Mich. 142, 259 N.W. 880; Grinnell v. Carbide & Carbon Chemicals Corp., 282 Mich. 509, 276 N.W. 535; Reichert v. State Savings Bank of Royal Oak, 274 Mich. 126, 264 N.W. 315; Clark v. Dillman, 108 Mich. 625, 66 N.W. 570; Pettinger v. Alpena Cedar Co., 175 Mich. 162, 141 N.W. 535; Plankinton Packing Co. v. Berry, 199 Mich. 212, 165 N.W. 676; Quinn v. Quinn Mfg. Co., 201 Mich. 664, 167 N.W. 898.

In the case at bar Blumenfeld had been transacting business on a daily basis with the personnel at the Fenkell Station of the post office since 1956, under the firm name of "Jewels by Norwood" and "Norwood Jewelry Company". The postal employees had at all times considered the firm to be synonymous with Blumenfeld and his wife. Following the sale of Blumenfeld's firm he was retained by plaintiff and continued to do business in a like manner. Blumenfeld and his wife were the only two employees of the firm with whom the postal employees ordinarily transacted business. The plaintiff never notified defendant of the change in ownership, nor as to the restriction placed on Blumenfeld's duties. Blumenfeld conducted business as usual.

■■ The apparent authority of an agent to act as the representative of his principal is to be gathered from all the facts and circumstances in evidence. Michael v. Kircher, supra, at 571, 56 N. W.2d 269. A review of the facts establish that defendant's employees were conducting business with Blumenfeld in the same manner as had been previously done for a number of years. They had no reason to believe that Blumenfeld was not authorized to cash the postal money orders. As far as they knew, he still possessed that authority. No one notified them to the contrary. They were perfectly correct in relying on his apparent authority. Faber v. Eastman, Dillon & Co., 271 Mich. 142, 259 N.W. 880.

■ Generally there is a serious burden on anyone dealing with an agent to determine his authority. Jackson v. M. F. A. Mutual Insurance Co. (D.C.Ark., 1959), 169 F.Supp. 633; Albers Mill Co. v. Donaldson (D.C.Ark., 1958), 156 F.Supp. 683; McClure v. E. A. Blackshere Co. (D.C.Md., 1964), 231 F.Supp. 678; Frank Sullivan Co. v. Midwest Sheet Metal Works (C.A.Minn., 1964), 335 F.2d 33. However, in this case, due to the long and continued business relationship between Blumenfeld and the Fenkell Station of the post office, the burden was dispensed with as a result of Blumenfeld's continued dealings in postal money orders. The manner of conducting business was not changed when plaintiff purchased Blumenfeld's business, because the defendant was never notified of any change in Blumenfeld's relationship with the Norwood Jewelry Company.

The burden was upon plaintiff to notify defendant that he had placed restrictions on Blumenfeld's authority to conduct business for Norwood Jewelry Company. He failed to do this.

Therefore, it is hereby ordered that defendant's motion for summary judgment be and is hereby granted.